UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIE SAMPSON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JONATHAN M. KIRSHBAUM, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:13-cv-00663-MMD-WGC<br><br>SCREENING ORDER |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner.

I. ***IN FORMA PAUPERIS* STATUS**

This matter has not been properly commenced because plaintiff has failed to submit either an application to proceed *in forma pauperis* or the required filing fee for this action. Pursuant to 28 U.S.C. § 1915(a) and Local Rule LSR 1-1, a litigant who is unable to prepay the fees in a civil action must submit his application to proceed *in forma pauperis* on the court-approved form. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, a prisoner must attach to his *in forma pauperis* application both an inmate account statement for the past six (6) months and a properly executed financial certificate. In the instant case, plaintiff has submitted only a financial certificate, but he has not submitted an actual application to proceed *in forma pauperis*, nor has he submitted an inmate account statement for the past six (6) months. As such, *in forma pauperis* status is denied. As discussed later in this order, the issue of *in forma*

*pauperis* status is overshadowed by the fact that plaintiff's complaint is frivolous and this action must be dismissed with prejudice.

## II.  SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal

for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. SCREENING OF THE COMPLAINT

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 against United States District Judge Larry R. Hicks, as well as Assistant Federal Public Defenders Jonathan M. Kirshbaum and Jared Frost. Plaintiff brings this civil rights action against defendants based on proceedings in his federal habeas corpus action, filed in this Court at Case No. 3:11-cv-00019-LRH-WGC. Plaintiff seeks to bring action against Judge Hicks based on written rulings issued on February 8, 2012, and September 3, 2013, in the federal habeas corpus action. Plaintiff seeks to bring action against Assistant Federal Public Defenders Jonathan M. Kirshbaum and Jared Frost, based on their actions or failure to take actions, in their role as plaintiff's advocates (appointed counsel) in the federal habeas corpus case.

Plaintiff may not bring a § 1983 civil rights action against Judge Hicks based on rulings he made in petitioner's habeas corpus case. Judges are absolutely immune from civil lawsuits for judicial acts taken within the jurisdiction of their courts. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 750 (9th Cir. 2009) (absolute immunity is generally accorded to judges functioning in their official capacities); *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006); *Mishler v. Clift*, 191 F.3d 998, 1003 (9th Cir. 1999); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1301-02 (9th Cir. 1989); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from civil liability for acts done by them within their judicial jurisdiction."). In the instant case, plaintiff brings action against Judge Hicks for issuing specific orders in plaintiff's habeas corpus case, which were judicial acts taken within the jurisdiction of the United States District Court for the District of Nevada. As such, Judge Hicks is absolutely immune from plaintiff's civil rights action.

4

Plaintiff may not bring a civil rights action against Assistant Federal Public Defenders Jonathan M. Kirshbaum and Jared Frost for actions taken in their role as advocates for plaintiff in his federal habeas corpus proceeding. When public defenders are acting in their role as advocates, they are not acting under color of state or federal law for purposes of a § 1983 action or a *Bivens* action. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (*citing Polk County* to determine that federal public defenders are not acting under color of federal law for purposes of a *Bivens* action). The Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a state supervisor. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Polk County*, 454 U.S. at 321. Plaintiff may not bring a civil rights action against Assistant Federal Public Defenders Jonathan M. Kirshbaum and Jared Frost for actions taken in their role as advocates for plaintiff in his habeas proceeding.

The entire complaint is frivolous because it lacks an arguable basis in law. The Court must dismiss, *sua sponte*, frivolous claims that are based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Because plaintiff's complaint is frivolous and the defects of the complaint cannot be cured by amendment, the Court dismisses this action with prejudice.

## IV. CONCLUSION

It is therefore ordered that this action is dismissed with prejudice as frivolous.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

///

///

5

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 4th day of December 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE